UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| E. B. KEYES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHRIS COLEY, an individual; FED EX GROUND PACKAGE SYSTEM INC.; GENERAL SERVICE ADMINISTRATION; KELLY SERVICES INC.,<br><br>　　　　Defendants. | CASE NO. 2:09-cv-01297-JAM-EFB<br><br>**ORDER GRANTING DEFENDANT KELLY SERVICES, INC.'S MOTION TO DISMISS [Fed. R. Civ. P. 12(b)(1) & 12(b)(6)]**<br><br>Date:　　　　November 3, 2010<br>Time:　　　　9:30 a.m.<br>Courtroom:　　6<br>Judge:　　　　Hon. John A. Mendez<br>Trial Date:　　March 14, 2011 |

　　　Defendant Kelly Services, Inc.'s motion to dismiss plaintiff's First Amended Complaint came for hearing on November 3, 2010, the Honorable John A. Mendez, presiding.  James J. Achermann of The Law Offices of Nevin & Absalom appeared on behalf of plaintiff E.B. Keyes and E. Joseph Connaughton of Paul, Plevin, Sullivan & Connaughton LLP appeared on behalf of defendant Kelly Services, Inc. ("Kelly").

　　　After reviewing the papers and hearing oral argument thereon, the Court orders that defendant Kelly's motion to dismiss is GRANTED.

　　　In order for a party to amend a complaint to add a new party after the applicable statutes of limitation have run, the amending party must show that:

　　　(1) he or she asserted a claim or defense that arose out of the conduct, transaction, or occurrence set in the original pleading; (2) the new party received such notice of the action that it will not be prejudiced in defending on the merits within the time period for serving the summons

---

Order Granting Defendant Kelly Services Motion to　　　　1　　　　2:09-cv-01297-JAM-EFB
Dismiss Plaintiff's First Amended Complaint

PDF created with pdfFactory trial version www.pdffactory.com

and complaint under Rule 4(m) - 120 days; and (3) the new party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity within 120 days of serving the summons and complaint. Fed. R. Civ. P. 15(c)(1)(C).

Here, plaintiff Keyes admittedly has sought to add Kelly Services as a new party after the applicable statutes of limitation have expired. (See First Amended Complaint.) But plaintiff Keyes cannot show that: 1) Kelly received notice of the action within 120 days of its filing; 2) that Kelly knew or should have known that the action would have been brought against it but for a mistake concerning its identity; or 3) that his failure to name Kelly was a qualifying mistake under Rule 15(c) given his knowledge of Kelly's status and role as shown in plaintiff's Exhibit A.

Because plaintiff Keyes has failed to meet multiple elements required by Rule 15(c), this Court need not reach Kelly's arguments that plaintiff Keyes failed to exhaust his required administrative remedies and also failed to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

Dated: November 19, 2010       /s/ John A. Mendez
                              HONORABLE JOHN A. MENDEZ
                              JUDGE OF THE UNITED STATES DISTRICT COURT

APPROVED AS TO FORM:

Dated: November 18, 2010       LAW OFFICES OF NEVIN & ABSALOM

                              By: /s/ James K. Achermann (as authorized on 11/17/10)
                                  Kenneth Absalom
                                  James J. Achermann
                                  Attorneys for Plaintiff

Dated: November 19, 2010       PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

                              By: /s/ E. Joseph Connaughton
                                  E. JOSEPH CONNAUGHTON
                                  MICHAEL J. ETCHEPARE
                                  Attorneys for Defendant
                                  KELLY SERVICES, INC.

PDF created with pdfFactory trial version www.pdffactory.com