IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

E. B. KEYES,

      Plaintiff,

vs.

CHRIS COLEY, an individual; FED EX GROUND PACKAGE SYSTEM INC.; GENERAL SERVICE ADMINISTRATION; KELLY SERVICES INC.,

      Defendants.

/

No. CIV S-09-1297 KJM EFB

ORDER

      This matter is before the court on the motion of Kelly Services, Inc. ("Kelly" or "defendant") for an award of attorneys' fees related to E. B. Keyes' ("plaintiff") employment discrimination suit against Kelly. ECF 44. For the following reasons, the court DENIES Kelly's motion for attorneys' fees.

      I.    BACKGROUND

      Kelly is a staffing agency that places temporary employees. First Am. Compl. ("FAC") ¶ 4. Kelly placed plaintiff with FedEx in 2002. FAC ¶ 28. Even though plaintiff wore a FedEx uniform and worked at a FedEx location, he remained an employee of Kelly. *Id*. ¶¶ 22-26. Plaintiff avers that while he was generally aware that Kelly was a joint employer, he did not

fully understand its role in overseeing his work or in his allegedly wrongful termination, which occurred on December 18, 2006.  *Id.* ¶¶ 23, 37-42; *see* Pl.'s Opp'n to Mot. to Dismiss at 6.

On February 27, 2007, plaintiff named Kelly as a potential defendant on a pre-complaint intake form with the California Department of Fair Employment and Housing ("DFEH").  Def.'s Mot. for Att'ys Fees, Ex. C.  However, plaintiff did not name Kelly in the formal charges filed with both the United States Equal Employment Opportunity Commission ("EEOC") and the DFEH a few months later in June 2007.  FAC ¶¶ 13, 14.  On February 18, 2009, plaintiff received a right to sue letter from the EEOC and on May 11, 2009, plaintiff initiated suit in this court.  *Id.* ¶ 16; ECF 1.  Plaintiff subsequently added Kelly as a defendant here on July 27, 2010, more than three years after plaintiff's termination.  ECF 29.

On September 15, 2010, Kelly wrote to plaintiff requesting voluntary dismissal of all claims against Kelly based on several fatal defects:  Kelly alleged plaintiff's claims against it were time-barred, plaintiff failed to exhaust administrative remedies against Kelly and plaintiff failed to state a claim against Kelly.  *See* Def.'s Mot. for Att'ys Fees, Ex. A.  Plaintiff responded by voluntarily dismissing several claims; however, plaintiff informed Kelly that he would continue to pursue four claims, including  the Title VII and FEHA claims.  *See id.*, Ex. B.  Plaintiff noted his position that the recently decided Supreme Court case of *Krupski v. Costa Crociere S.P.A.*, __ U.S. __,130 S. Ct. 2485 (2010), meant his amended complaint would "relate back" to the timely filed complaint under Federal Rule of Civil Procedure 15(c).[1]  *Id.*

/////

---

[1] Federal Rule of Civil Procedure 15(c) allows an amended pleading adding a party to "relate back" to a timely filed original pleading even though the amendment is filed outside of the applicable statute of limitations where (I) the claim arose out of the conduct, transaction, or occurrence set out in the original pleading; (ii) the party to be brought in by amendment received notice of the action  during the Rule 4(m) service period such that it will not be prejudiced in defending on the merits; and (iii) the party to be brought in knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.  FED. R. CIV. P. 15(c). The parties in this case contested the last two elements. ECF 45 at 3.

On September 24, 2010, Kelly moved for dismissal from this action, arguing that the conditions for Rule 15(c) were not met, that plaintiff failed to exhaust administrative remedies and that plaintiff failed to state a claim. ECF 36. With respect to Rule 15(c), plaintiff argued that notice was imputed to Kelly through the pre-complaint filing and that *Krupski* allows for relation back because Kelly should have known that plaintiff merely made a mistake in omitting Kelly from the formal complaints before the EEOC and DFEH as well as the timely initial complaint in this action. *See generally* Pl's Opp'n to Mot. to Dismiss. After hearing argument, the court found that plaintiff could not meet the last two elements of Rule 15(c) and dismissed Kelly from this action. ECF 42. The court did not reach the merits of Kelly's other arguments for dismissal.[2] *Id.* On December 20, 2010, Kelly moved for an award of attorneys' fees for work related to the Title VII and FEHA claims, arguing that plaintiff's continued litigation of these claims after Kelly's September 15 letter was frivolous. Def.'s Mot. for Att'ys Fees.

//////

//////

//////

//////

---

[2] For purposes of evaluating whether plaintiff's claims were "unreasonable, frivolous, meritless or vexatious," this court has restricted its analysis to the issue the court previously decided, namely, whether Kelly could be added as a defendant based on Rule 15(c) after the statute of limitations had run. The parties agree that Kelly would not be a "prevailing party" within the meaning of Title VII and FEHA if it won dismissal based on plaintiff's failure to exhaust administrative remedies because failure to exhaust is a jurisdictional defect that prevents a court from reaching the merits of the case. *See Hon v. Marshall, et al.*, 53 Cal.App.4th 470, 477 (1997) (where plaintiff failed to exhaust administrative remedies, "an award should not be made to defendants who 'prevail' as a consequence of a jurisdictional defect"); *Elwood v. Drescher*, 456 F.3d 943, 948-49 (9th Cir. 2006) (defendant is not a prevailing party where court abstained from hearing the case based on *Younger* abstention because it did not reach the merits of the case and did not materially alter the legal relationship between the parties); *Branson v. Nott,* 62 F.3d 287, 292-93 (9th Cir. 1995) (overruling district court's attorneys' fees award to defendants for defending against a frivolous claim "because the district court lacked subject matter jurisdiction over Branson's purported civil rights claim in the first instance, it also lacked the power to award attorney's fees under the civil rights attorney fee statute").

## II. ANALYSIS

### A. Standard

The general rule in American law is that each litigant must pay their own attorneys' fees absent congressional authorization indicating otherwise. *See, e.g., Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 245 (1975); *Musaelian v. Adams*, 45 Cal.4th 512, 516 (2009). Section 706(k) of Title VII of the Civil Rights Act of 1964 provides that a district court, "in its discretion, may allow the prevailing party [], a reasonable attorney's fee as part of the costs." 42 U.S.C. § 2000e-5(k). Section 12965 of the California Fair Employment and Housing Act ("FEHA") has virtually identical statutory language, and California courts follow federal precedent in applying the attorneys' fees standard under FEHA. *See* Cal. Gov. Code § 12965; *see Cummings v. Benco Building Services*, 11 Cal.App.4th 1383, 1389-90 (1992). Accordingly, the same analysis applies to defendant's motion with respect to plaintiff's Title VII and FEHA claims.

In a Title VII or FEHA case, a "prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978); *see also Cummings*, 11 Cal.App.4th at 1387. In contrast, a district court may award reasonable attorneys' fees to a prevailing defendant only upon finding the plaintiff's lawsuit was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422. These asymmetrical standards reflect congressional intent to encourage plaintiffs to bring meritorious claims, while at the same time "protect[ing] defendants from burdensome litigation having no legal or factual basis." *Id*. at 418-20.

Therefore, attorneys' fees should be awarded to a prevailing defendant in civil rights suits only in "exceptional cases." *See Mitchell v. Los Angeles County Superintendent of Schools*, 805 F.2d 844, 848 (9th Cir. 1986); *see also Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil, & Shapiro*, 91 Cal.App.4th 859, 872 (2001) ("A relatively small number of

4

California cases have awarded attorney fees to the prevailing defendant under the *Christianburg* [sic] standard"). If the result is obvious, the "arguments of error are wholly without merit" or if a reasonable inquiry would have shown that the basis for the claims would ultimately fail then an award of attorneys' fees to a prevailing defendant is justified. *See Gibson v. Office of Atty. Gen., State of California*, 561 F.3d 920, 929 (9th Cir. 2009) (citations omitted); *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998). Attorneys' fees may also be warranted where a plaintiff pursues an initially reasonable claim after it becomes clear that it is meritless. *See Edgerly v. City and County of San Francisco*, 599 F.3d 946, 962 (9th Cir. 2010). But where plaintiff's claim is based on a novel legal argument or there is little apposite controlling precedent, a claim is less likely to be considered wholly without merit. *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).

        B.     Evidentiary Objection

Plaintiff requests that this court take judicial notice of Kelly's annual revenue in 2010. ECF 49. Kelly objects to judicial notice of its revenue on the basis that it is not relevant, unduly prejudicial, and hearsay, and that plaintiff fails to provide the legal support for such notice. ECF 53-1. While it is well settled that a plaintiff's financial resources may be relevant for a determination of the amount of attorney's fees to award, plaintiff has not provided any precedent to suggest the financial resources of the prevailing defendant are relevant in the determination of whether to make an award. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987). Kelly's objection is sustained. Even if the court could take judicial notice of Kelly's annual revenue from 2010, the court will not consider it for purposes of this order.

        C.     Application

The court dismissed Kelly from this action because plaintiff could not meet several requirements of Rule 15(c). EFC 42. Kelly argues that plaintiff's continued litigation after receipt of Kelly's September 15 letter was "unreasonable, frivolous, meritless or vexatious"

5

thereby justifying an award of attorneys' fees. *See, e.g., Fabbrini v. City of Dunsmuir*, 631 F.3d 1299, 1302 (9th Cir. 2011) (quotations omitted). In *Christiansburg*, the Supreme Court cautioned:

> In applying the [*Christiansburg*] criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

434 U.S. at 421-22. Here, plaintiff relied on a recent Supreme Court case that clarified the Rule 15(c) inquiry to focus on what the newly added defendant knew or should have known, even with respect to the mistake clause. *See Krupski*, 130 S.Ct. at 2493-94. Under *Krupski,* the Rule 15(c) analysis requires a court to examine whether it was reasonable for the prospective defendant to believe that its omission from a complaint was intentional. *Id*. ("[i]nformation in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake"). Prior to *Krupski*, many circuits looked to the plaintiff's knowledge to determine whether a mistake occurred. *Id*. at 2492 n.2 (citing cases). In the post-*Krupski* context, it was reasonable for plaintiff to test the breadth of a new Supreme Court precedent that remained (and still remains) unapplied in the Ninth Circuit.

Likewise, with respect to notice of filing, at the time plaintiff opposed Kelly's motion to dismiss there was little precedent directly adverse to plaintiff's position within the Ninth Circuit and at least one other circuit provided support for plaintiff's position. *See Cooper v. U.S. Postal Service*, 740 F.2d 714, 717 (9th Cir. 1984) (distinguishing from an earlier case of imputed informal notice by holding that notice under Rule 15(c) could not be imputed through the defendant's participation in the preceding administrative proceeding), *overruled on other grounds, Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89 (1990); *G.F. Co. v. Pan Ocean Shipping Co.*, Ltd., 23 F.3d 1498, 1503 n.3 (9th Cir. 1994) (stating *Cooper* "merely reaffirmed" the

proposition that notice of administrative action does not impute notice of the institution of the action under Rule 15(c)); *Brown v. TA Operating LLC*, 2009 WL 1846821 at *3 (D.Nev. 2009) (distinguishing *Cooper* where defendant had informal notice of the action in addition to knowledge of an EEOC complaint); *cf. Maxey v. Thompson*, 680 F.2d 524, 526 (7th Cir. 1983) (defendant "was put on notice, by the charge the plaintiff filed with EEOC, that it might be sued, and [thus] should have known that but for the plaintiff's mistake the action would have been brought against it."); *but cf. Williams v. U.S. Postal Service*, 873 F.2d. 1069, 1073 n.3 (7th Cir. 1989) (citing *Cooper* as support for holding actual notice of institution of proceeding under Rule 15(c) could not be imputed through EEOC proceeding). At least one federal district court has adopted plaintiff's Rule 15(c) arguments. *See Wilke v. Bob's Route 53 Shell Station*, 36 F.Supp.2d 1068, 1071-73 (N.D.Ill. 1999) (holding that a defendant could be added under Rule 15(c) where it was not named in the EEOC complaint or original complaint but participated in the preceding administrative proceeding). Plaintiff's arguments that notice to Kelly was imputed through the pre-complaint intake form and that Kelly should have known its omission from the formal complaints to EEOC and FEHA and the subsequent complaint could not have been intentional, are not wholly without merit simply because plaintiff was unable to convince a judge of this court to adopt its view.

In *Gibson*, the Ninth Circuit reversed an award of attorneys' fees where there was no clear Ninth Circuit precedent precluding plaintiff's case. 561 F.3d at 929. Similarly, in *Galen*, the Ninth Circuit noted that where the applicable law "was not clearly established" at the time of plaintiff's claim, the plaintiff "did not have reason to know that his case was wholly without merit." 477 F.3d at 667. Here, plaintiff's novel legal arguments were not "unreasonable, frivolous, meritless or vexatious"; the court simply found them unpersuasive. They were not so obviously faulty as to justify an award of attorneys' fees to Kelly.

/////

/////

1     For the foregoing reasons, Kelly's Motion for Attorneys' Fees is DENIED.

2     IT IS SO ORDERED.

3  DATED: June 2, 2011.

_____
UNITED STATES DISTRICT JUDGE