KENNETH C. ABSALOM (SBN 114607)
JAMES J. ACHERMANN (SBN 262514)
Law Offices of Nevin & Absalom
22 Battery Street, Suite 333
San Francisco, Ca. 94111
Tel:  415-392-5040
Fax: 415-392-3729

Attorneys For Plaintiff
E.B. KEYES,

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.B. KEYES, <br>         Plaintiff, <br><br>   vs. <br><br> FEDEX GROUND PACKAGING SYSTEMS, INC., GENERAL SERVICES ADMINISTRATION, CHRISTINE COLEY, an individual, KELLY SERVICES INC., <br><br>         Defendants. | Case No.: 2:09-cv-01297 KJM- EFB <br><br> AMENDED JOINT STIPULATION AND ORDER TO MODIFY STATUS (PRE-TRIAL) SCHEDULING ORDER |

      Pursuant to Civ. L.R. 143 and 144,, the parties to the above-captioned action, by and through their undersigned counsel of record, hereby request that this Court approve the following Stipulation to modify the Status (Pre-trial) Scheduling Order and Trial Date so that the parties may complete percipient witness discovery and fully prepare this case for trial.

**IT IS HEREBY STIPULATED:**

| | CURRENT DATE | NEW DATE |
|---|---|---|
| Close of Discovery: | 6/27/11 | 9/26/11 |
| Last day for Plaintiff's Expert Disclosure | 2/7/11 | 2/7/11 |
| Last Day for Defendant's Expert Disclosure | 3/7/11 | 3/7/11 |
| Last Day to File Dispositive Motions | 8/3/11 | 11/2/11 |

| | | |
|---|---|---|
| Last Day to Hear Dispositive Motions | 9/7/11 at 9:30 a.m. | 12/7/11 at 9:30 a.m. |
| Pre-trial Conference | 11/11/11 at 3:00 p.m. | 2/10/12 at 3:00 p.m. |
| Last Day to File Join Pre-Trial Statement | 11/4/11 | 2/3/12 |
| Trial Date | 12/19/11 9:30 a.m. | 3/19/12 at 9:30 a.m. |

## GOOD CAUSE FOR THIS REQUESTED ORDER EXISTS FOR THE FOLLOWING REASONS:

1. On July 23, 2010 Plaintiff E.B. Keyes filed a First Amended Complaint naming for the first time Kelly Services Inc. as a Defendant. On September 24, 2010 Defendant Kelly Services filed a motion to dismiss which was heard on November 3, 2010. The Court dismissed Defendant Kelly at the hearing on November 3, 2010. Therefore, at this time all relevant parties have either been dismissed or answered Plaintiff's Complaint. While both the General Services Administration and Kelly Services have been dismissed from the matter, the parties have had to continue to meet and confer with both in an attempt to schedule important witness and person most knowledgeable depositions.

2. On January 21, 2011 Plaintiff sent a subpoena and notice of deposition to Kelly Services Inc. regarding the deposition and records request of the Person Most Knowledgeable in regards to the events surrounding the above captioned matter. After meeting and conferring regarding the subpoena, Plaintiff revised his Subpoena on February 2, 2011 setting a deposition date of March 4 2011. On receipt of the PMK Subpoena, Plaintiff and counsel for Kelly Services Inc., have diligently met and conferred regarding Kelly Services search for the correct PMK. On February 25, 2011 counsel for   Kelly Services informed Plaintiff that they had only just found the correct PMK but would not be able to produce the PMK on March 4, 2011. Efforts to meet and confer regarding scheduling with both Counsel for Kelly Services and Counsel for Fed Ex proved to be difficult as Mr. Ferron and the PMK are traveling from out of state. However, despite the difficulty in scheduling the PMK's deposition is currently set for June 16, 2011.

3. Plaintiff has diligently met and conferred with Defense Counsel for FedEx Ground Packaging Systems regarding delays in production of documentation that is necessary and relevant to any and all depositions. Plaintiff had depositions set and scheduled for February

21, 2011 and February 23, 2011 of relevant Fed Ex fact witnesses however, those depositions were not able to go forward due to scheduling conflicts as well as Defendant Fed Ex's delay in producing relevant documentation prior to the date of deposition. One of the witnesses Ms. Angela Acmoody who is crucial to this matter was re-set for Deposition on Monday June 13, 2011. On June 10, 2011 Fed Ex Defense counsel informed Plaintiff that this deposition would not be able to proceed as currently scheduled. Currently the parties have been meeting and conferring on new dates for Ms. Acmoody's deposition and Defendant has stated that relevant documents that have yet to be produced will be produced prior to the Deposition of Angela Acmoody. Ms. Acmoody's deposition is essential to this litigation as it is alleged that she participated in the decision to terminate Plaintiff.

    4.    Further, Counsel for Defendant Fed Ex has agreed to accept service of Subpoena's for two witnesses that Plaintiff was informed are employed by a different FedEx company which is also a subsidiary of the FedEx Corp. parent company. Subpoena's for each individual have been served and the Parties are meeting and conferring regarding dates for both depositions.

    5.    Beginning in April of this year Plaintiff contacted the United States Attorney General's Office in an attempt to set depositions of Christine Coley and other relevant fact witnesses that were employed by or were former employees of the United States. After corresponding with Earlene Gordon of the U.S. Attorney General's Office, Plaintiff was informed that a Touhy Request and Subpoenas were necessary in order to take the deposition of United States employees or former employees. Since first making contact with Ms. Gordon, Plaintiff has also placed calls or emails to The Office of the Solicitor General as well as the Washington D.C. Office of the General Services Administration in an attempt to ensure that the right person was served with the Touhy Request and Subpoenas.

On May 13, 2011 Plaintiff sent a Touhy Request and four subpoenas of relevant current and former GSA employees who worked closely with the Plaintiff. The Touhy request and corresponding subpoenas were sent to the General Services Administration Office of the Inspector General's Washington D.C.; General Services Administration Office of the Inspector General's San Francisco; General Services Administration Pacific Rim Region and; the General

Services Administration Office where the subpoenaed individuals worked. A few weeks later Plaintiff received correspondence from the General Service Administration informing him that the Touhy Request and Subpoenas had been served upon the incorrect GSA employee. Plaintiff was informed that the Touhy Request and Subpoena's must be served on Margaret Haggerty Regional Counsel for the General Services Administration.

On June 6, 2011 Plaintiff attempted service on Ms. Haggerty through Wheels of Justice at her office located at 450 Golden Gate Avenue Suite 5W San Francisco, CA 94102, however, Service was rejected by Ms. Haggerty's office. On June 7, 2011, a second attempt at service was successful. While the subpoena's and Touhy Request have asked that the witnesses be deposed the week of June 20, 2011, Plaintiff has not yet been given a response by the Regional Counsel for the GSA on whether the witnesses will be produced. However, a deposition of each witness in this matter is extremely important. None more so than Ms. Coley who is the party that is believed to have first accused the Plaintiff of dealing drugs and called for his termination. It is alleged that Defendant Fed Ex Acted on this false accusation and therefore her testimony is highly relevant to the matter. Therefore, because of the importance of said witnesses, the current discovery cut off time must be extended to ensure that either the witnesses are deposed prior to the cutoff, or that Plaintiff has ample time to correspond with the General Services Administration should the request be rejected.

6.      Both parties have propounded written discovery. As set forth above, the parties have had difficulty scheduling the depositions of pertinent fact witnesses and persons most knowledgeable. While the deposition of the PMK from Kelly Services will be going forward on June 16, 2011 the additional time requested is needed to complete the depositions of numerous persons including: Christine Coley (GSA); Angela Acmoody (FedEx Ground Senior Manager); Ryan Johnson (Kelly Services Supervisor); James Gorman (GSA Facility Manager) Kevin Carter (Sharpe Depot Security Guard) as well as Theresa Rubinoff and Glen Morris that can provide testimony to the subcontract between Kelly Services and Fed Ex. The Parties have continued to successfully work cooperatively through all discovery matters but have had a difficult time locating and setting the depositions of percipient witnesses. While waiting for a response from

the United States as to whether the four GSA employees will be produced the Parties will take the deposition of the Kelley Services PMK on June 16, 2011 and are currently attempting to reset the deposition of Angela Acmoody.

3. The parties believe that with the requested modification, percipient discovery can be completed without causing undue burden to the witnesses. Further, Plaintiff believes that without the requested modification that the parties will have insufficient time to complete the scheduling and depositions of the current and former GSA employees as said scheduling is dependent on the approval of Plaintiff's amended Touhy Request by GSA. Without the requested modifications, on the other hand, the parties would be deprived of the ability to fully litigate the matter and would be ill-prepared to proceed to meaningful settlement discussions or to trial, if necessary, within the current case management dates.

4. No party is prejudiced by this proposed modified schedule in that each has stipulated to the new dates.

//
//
//

**IT IS SO STIPULATED:**

                                  LAW OFFICES OF NEVIN & ABSALOM

Dated: June 16 , 2011       /S/ James A. Achermann
                                  Attorneys for Plaintiff
                                  E.B. Keyes

                                FEDEX GROUND PACKAGE SYSTEM, INC.

Dated: June 16, 2011       /S/ Benjamin J. Ferron (as authorized on )
                                  Attorneys for Defendant
                                  Fed Ex Ground Packaging Systems

**ORDER**

**PURSUANT TO STIPULATION AND GOOD CAUSE OTHERWISE APPEARING, THE COURT AMENDS THE CURRENT SCHEDULING ORDER AND SETS THE FOLLOWING PRE-TRIAL SCHEDULING DATES IN THIS MATTER:**

|  | CURRENT DATE | NEW DATE |
|---|---|---|
| Close of Discovery: | 6/27/11 | 9/26/11 |
| Last day for Plaintiff's Expert Disclosure | 2/7/11 | 2/7/11 |
| Last Day for Defendant's Expert Disclosure | 3/7/11 | 3/7/11 |
| Last Day to Hear Dispositive Motions | 9/7/11 at 9:30 a.m. | 11/30/11 at 10:00 a.m. |
| Pre-trial Conference | 11/11/11 at 3:00 p.m. | 2/8/12 at 11:00 a.m. |
| Last Day to File Joint Pre-Trial Statement | 11/4/11 | 1/18/12 |
| Trial Date | 12/19/11 9:30 a.m. | 3/19/12 at 9:00 a.m. |

No settlement conference is currently scheduled. A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request. In the event that an earlier settlement conference date or referral to the Voluntary Dispute Resolution Program (VDRP) is requested, the parties shall file said request jointly, in writing. If the case will be tried to a jury, all parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

The parties are advised that the court does not anticipate further modifying the schedule for this case without setting a status conference at which all parties would be directed to appear.

**IT IS SO ORDERED.**

Dated: June 22, 2011.

_____
UNITED STATES DISTRICT JUDGE